UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
U.S. DISTRICT COURT
NEW ALBANY DIVISION
12 AUG 20 PM 12: 02
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| TIMOTHY J. STRAYER, and ) <br> KELLEY KINGSTON STRAYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEARBORN COUNTY SHERIFF, ) <br> OFFICER JOHN LANTER, ) <br> OFFICER JASON TURNER, ) <br> CORPORAL JERRY KINNETT, ) <br> SERGEANT ROD MCGWEN, ) <br> CAPTAIN DAVID HALL, ) <br> OFFICER GUY, and ) <br> OFFICER VICTOR FAY, ) <br> ) <br> Defendants. ) | CAUSE NO.: 4:12-cv-0098 RLY-WGH |

**COMPLAINT FOR DAMAGES**

I.    NATURE OF THE CASE

1. This lawsuit seeks money damages against Dearborn County Sheriff, Officer John Lanter, Officer Jason Turner, Corporal Jerry Kinnett, Sergeant Rod McGwen, Captain David Hall, Officer Guy, and Officer Victor Fay, for injuries received by Timothy Strayer ("Tim") and Kelley Kingston Strayer ("Kelley") beginning in early July 2011, due to the Defendants' deliberate indifference to Tim's serious medical needs in violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983. Plaintiffs bring federal constitutional claims against the individual Defendants. Plaintiffs also bring pendant state law claims against the Defendant Dearborn County Sheriff. Kelley seeks compensation under both federal and state law for the loss of her husband's services.

## II. JURISDICTION AND VENUE

2. This action has been brought against the individual Defendants for violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983. This action is also brought against the Dearborn County Sheriff and John Does 1-5 pursuant to Indiana's common law of battery, false arrest, illegal search, and intentional infliction of emotional distress pursuant to Indiana's Tort Claim Act, I.C. §34-13-3-1, et seq.

3. Venue is proper in this Court and division pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the Defendants are residents of Dearborn, Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims for battery pursuant to Indiana's Tort Claim Act, I.C. §34-13-3-1 against the Defendant Town of Fishers, Indiana pursuant to 28 U.S.C. §1367.

## III. PARTIES

5. At the time of the incident, Tim was an adult resident of Collin County, Texas.

6. At the time of the incident, Kelley was an adult resident of Collin County, Texas.

7. Dearborn County Sheriff is a governmental entity with its offices in Dearborn County, Indiana, and is a political subdivision of the State of Indiana. This Defendant is sued only on Plaintiff's state law claims.

8. Defendant Officer John Lanter is an adult resident of Indiana and for the times relevant to this complaint was an employee of the Dearborn County Sherriff. This Defendant is sued only on Plaintiff's federal claims.

9. Defendant Officer Jason Turner is an adult resident of Indiana and for the times relevant to this complaint was an employee of the Dearborn County Sheriff. This Defendant is sued only on Plaintiff's federal claims.

10. Defendant Corporal Jerry Kinnett is an adult resident of Indiana and for the times relevant to this complaint was an employee of the Dearborn County Sheriff. This Defendant is sued only on Plaintiff's federal claims.

11. Defendant Sergeant Rod McGwen is an adult resident of Indiana and for the times relevant to this complaint was an employee of the Dearborn County Sherriff. This Defendant is sued only on Plaintiff's federal claims.

12. Defendant Captain David Hall is an adult resident of Indiana and for the times relevant to this complaint was an employee of the Dearborn County Sheriff. This Defendant is sued only on Plaintiff's federal claims.

13. Defendant Officer Guy is an adult resident of Indiana and for the times relevant to this complaint was an employee of the Dearborn County Sheriff. This Defendant is sued only on Plaintiff's federal claims.

14. Defendant Officer Victor Fay is an adult resident of Indiana and for the times relevant to this complaint was an employee of the Dearborn County Sheriff. This Defendant is sued only on Plaintiff's federal claims.

IV.   FACTS

15. Tim was arrested on an open warrant in Kentucky on June 29, 2011.

16. Tim was held in Kentucky for approximately ten (10) days, then transferred to the Dearborn County Jail.

17. While in Kentucky, Tim did not receive his heart medication until the last day he

was incarcerated in that facility.

18. By the time Tim had arrived in Indiana he was already sick, and was nonetheless thrown into the drunk tank.

19. He spoke to the intake nurse about his skin condition, which caused his skin to flake off very easily.

20. The intake nurse provided him Prednisone, even though he told her that that does not work, and in fact only makes it worse.

21. Tim also spoke to the jail physician regarding a hernia he had.

22. When Tim entered the jail, the hernia was not a problem, and the jail doctor confirmed that initially.

23. Soon after being placed in the Dearborn County Jail, Tim informed one of the jailers that he did not feel well and needed to go to the hospital.

24. His hernia started becoming extremely bad and the nurse saw him on regular intervals, but failed to provide appropriate care.

25. One night, Tim was very bad off and one of the guards saw him and took him downstairs.

26. The nurse did not know what to do.

27. Tim stated that he needed oxygen and he couldn't breath, and the jail and no oxygen tank.

28. Tim became progressively delirious as his condition deteriorated.

29. Tim was continually throwing up and could not eat or drink other than taking small sips of 7-Up.

30. Tim told the jail nurse about his hernia numerous times and that he couldn't eat

for the last nine (9) to ten (10) days because of the hernia.

31. Tim was also continually throwing up bile.

32. It took fifteen (15) days for Tim to even be presented to a doctor, despite the fact that he had requested to be seen by a doctor numerous times prior to that.

33. Not only did Tim repeatedly request medical care, but that other inmates on the floor made similar requests on his behalf.

34. Due to the failure to respond to Tim's condition as it deteriorated, he developed a severe septic ulcer which ate through his stomach and very nearly killed him.

35. Tim is continuing to receive medical care due to the deterioration of his condition as the result of the Defendants' conduct.

36. Tim has currently been unable to fully recall the sequence of events due to his sever medical condition, but it is believed that witnesses to these events are all guards, jailers, and medical personnel of the Dearborn County Sheriff who participated in Tim's detention or interacted with him with regard to his medical care.

37. At the time of this incident, Timothy Strayer and Kelley Kingston-Strayer were living at 507 Oak Hill Ct., Fort Wright, Kentucky.

38. As noted above, it is believed that all guards stationed in the area where Tim was incarcerated are witnesses to these events, as well as the nurse and doctors, either employed by the jail or on contract, who interacted with Tim.

39. As the result of the Defendants' negligence and deliberate indifference to Tim's serious medical needs, Tim very nearly died once he was transferred to the critical care unit of adjacent hospitals, was hospitalized for numerous weeks, and continues to suffer from serious, permanent, and life threatening medical conditions.

40. Tim has incurred very substantial medical bills and lost wages, loss of enjoyment of life, and continues to suffer risk of death as the result of the complications received as the result of the Defendants' negligence and deliberate indifference.

## V.    CLAIMS

41. Defendant Dearborn County Sheriff is legally responsible under Indiana state law for its own actions and inactions, and, under the doctrine of respondeat superior, for the actions and inactions of its employees, including the failure to provide necessary and appropriate medical care as required under Indiana state law.

42. Defendant Officer John Lanter is legally responsible under federal law for its own actions and inactions, including the deliberate indifference to Tim's serious medical needs and failure to provide medical care as required under federal constitutional law, actionable pursuant to 42 U.S.C. §1983.

43. Defendant Officer Jason Turner is legally responsible under federal law for its own actions and inactions, including the deliberate indifference to Tim's serious medical needs and failure to provide medical care as required under federal constitutional law, actionable pursuant to 42 U.S.C. §1983.

44. Defendant Corporal Jerry Kinnett is legally responsible under federal law for its own actions and inactions, including the deliberate indifference to Tim's serious medical needs and failure to provide medical care as required under federal constitutional law, actionable pursuant to 42 U.S.C. §1983.

45. Defendant Sergeant Rod McGwen is legally responsible under federal law for its own actions and inactions, including the deliberate indifference to Tim's serious medical needs

and failure to provide medical care as required under federal constitutional law, actionable pursuant to 42 U.S.C. §1983.

46. Defendant Captain David Hall is legally responsible under federal law for its own actions and inactions, including the deliberate indifference to Tim's serious medical needs and failure to provide medical care as required under federal constitutional law, actionable pursuant to 42 U.S.C. §1983.

47. Defendant Officer Guy is legally responsible under federal law for its own actions and inactions, including the deliberate indifference to Tim's serious medical needs and failure to provide medical care as required under federal constitutional law, actionable pursuant to 42 U.S.C. §1983.

48. Defendant Officer Victor Fay is legally responsible under federal law for its own actions and inactions, including the deliberate indifference to Tim's serious medical needs and failure to provide medical care as required under federal constitutional law, actionable pursuant to 42 U.S.C. §1983.

49. The Plaintiff reserves all rights to assert any claims consistent with the facts alleged above, pursuant to the notice of pleading requirement of Trial Rule 8 of the Federal Rules of Civil Procedure.

## VI.   RELIEF REQUESTED

Tim and Kelley seek all relief available under the law, including compensatory damages and costs, and all other appropriate relief, including punitive damages and attorney fees against Defendants Dearborn County Sheriff, Officer John Lanter, Officer Jason Turner, Corporal Jerry Kinnett, Sergeant Rod McGwen, Captain David Hall, Officer Guy, and Officer Victor Fay.

VII.  **JURY TRIAL REQUESTED**

Tim and Kelley request a jury trial on their claims.

Respectfully submitted,

HUME SMITH GEDDES GREEN & SIMMONS, LLP

_____
Andrew P. Wirick, #11362-49
54 Monument Circle, 4th Floor
Indianapolis, IN  46204
PH: (317) 632-4402    FAX: (317) 632-5595
awirick@humesmith.com
*Attorney for Plaintiff Timothy Strayer and Kelley Kingston Strayer*

8