UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TIMOTHY P. STRAYER, and<br>KELLY KINGSTON STRAYER,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DEARBORN COUNTY SHERIFF,<br>OFFICER JOHN LANTER,<br>OFFICER JASON TURNER,<br>CORPORAL JERRY KINNETT,<br>SERGEANT ROD MCGWEN,<br>CAPTAIN DAVID HALL,<br>OFFICER GUY, OFFICER VICTOR FAY,<br>ADVANCED CORRECTIONAL HEALTHCARE,<br>INC., DR. NADIR AL-SHAMI, and DR.<br>RONALD DAVIS,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case Number 4:12-cv-0098-RLY-WGH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., DR. NADIR AL-SHAMI, AND DR. RONALD DAVIS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

Defendants, Advanced Correctional Healthcare, Inc., Dr. Nadir Al-Shami and Dr. Ronald Davis, for their Answer to Plaintiffs' Second Amended Complaint for Damages, state as follows:

## I.　NATURE OF THE CASE

1. Defendants deny the allegations in this paragraph.

## II.　JURISDICTION AND VENUE

2. Defendants admit that this Court has jurisdiction over this case.

3. Defendants admit that this Court is the proper venue for this case.

4. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

### III.   PARTIES

5. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

6. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

7. To the best of Defendants knowledge and belief, Defendants admit the allegations in this paragraph.

8. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

9. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

10. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

11. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

12. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

13. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

14. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

15. Defendants deny the allegations in this paragraph.

16. Defendants deny the allegations in this paragraph.

17. Defendants deny the allegations in this paragraph.

### IV.    FACTS

18. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

19. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

20. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

21. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

22. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

23. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

24. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

25. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

26. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

27. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

28. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

29. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

30. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

31. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

32. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

33. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

34. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

35. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

36. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

37. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

38. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

39. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

40. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

41. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

43. Defendants deny the allegations in this paragraph.

## V. CLAIMS

44. Defendants deny the allegations in this paragraph.

45. Defendants deny the allegations in this paragraph.

46. Defendants deny the allegations in this paragraph.

47. Defendants deny the allegations in this paragraph.

48. Defendants deny the allegations in this paragraph.

49. Defendants deny the allegations in this paragraph.

50. Defendants deny the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny the allegations in this paragraph.

53. Defendants deny the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

## VI. RELIEF REQUESTED

Defendants deny that Plaintiffs are entitled to the relief requested.

WHEREFORE, Defendants Advanced Correctional Healthcare, Inc., Dr. Al-Shami, and Dr. Ronald Davis pray for judgment in their favor, that Plaintiffs take nothing by way of their Second Amended Complaint, and for all other just and proper relief.

## JURY DEMAND

Defendants, Advanced Correctional Healthcare, Inc., Dr. Nadir Al-Shami and Dr. Ronald Davis, request a trial by jury as to all issues so triable

## AFFIRMATIVE DEFENSES

Defendants, Advanced Correctional Healthcare, Inc., Dr. Nadir Al-Shami and Dr. Ronald Davis, for their Affirmative Defenses, state the following:

1. The medical care rendered to Timothy Strayer was reasonable, appropriate, and within the standard of care.

2. Plaintiffs have failed to state a claim upon which relief can be granted as to Advanced Correctional Healthcare, Inc. on the federal claim.

3. The medical treatment Mr. Strayer did or did not receive in the Dearborn County Jail was not the proximate cause of his injuries, if any are found to exist.

4. Plaintiffs' actions may constitute contributory negligence and/or comparative fault and may thus bar or reduce their claim accordingly.

5. To the extent co-defendants assert affirmative defenses, these defendants incorporate those herein by reference.

6. Kelly Strayer has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendants, Advanced Correctional Healthcare, Inc., Dr. Nadir Al-Shami and Dr. Ronald Davis, pray for judgment in their favor, that Plaintiffs takes nothing by way of their Complaint, and for just and proper relief.

                                                Respectfully submitted,

                                                /s/Carol A. Dillon_____
                                                Carol A. Dillon, #25549-49
                                                One of the Attorneys for Defendants
                                                Advanced Correctional Healthcare, Inc.
                                                Dr. Nadir Al-Shami and Dr. Ronald Davis

James F. Bleeke, #4331-49
Carol A. Dillon, #25549-49
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, Indiana 46250-4365
(317) 567-2222
Fax: (317) 567-2220
jim@bleekedilloncrandall.com
carol@bleekedilloncrandall.com

## CERTIFICATE OF SERVICE

       I hereby certify that on March 22, 2013, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Andrew P. Wirick
54 Monument Circle, 4th Floor
Indianapolis, IN  46204
awirick@humesmith.com

Kenneth Collier-Magar
LAW OFFICES OF COULIER-MAGAR, P.C.
211 South Ritter Avenue, Suite C
Indianapolis, IN  46219
kenneth@cmrlawfirm.com

                                                /s/Carol A. Dillon_____