UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TIMOTHY P. STRAYER and KELLEY KINGSTON STRAYER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 4:12-cv-00098-RLY-TAB ) ) |
| DEARBORN COUNTY SHERIFF, | ) ) |
| Defendant. | ) |

**ENTRY ON PARTIES' MOTIONS TO RECONSIDER**

This case comes before the court on the parties' cross motions for reconsideration of the court's March 28, 2016 entry granting in part and denying in part the Defendants' motion for summary judgement. Plaintiff, Kelley Strayer, moves the court to reconsider its grant of summary judgment on her loss of consortium claim. The remaining Defendant, Dearborn County Sheriff, moves the court to reconsider its decision to retain supplemental jurisdiction over the state law claims of Plaintiffs, Kelley and her husband, Timothy Strayer. For the reasons set forth below, the court **DENIES** both motions.

The Strayers brought this action alleging deliberate indifference under 42 U.S.C. § 1983 and state-law claims of negligence and loss of consortium. They alleged federal question and supplemental jurisdiction as grounds for the court's power to hear this case.[1]

---

[1]   The court notes that the Strayers have not sufficiently alleged diversity jurisdiction. In the complaint, the Strayers allege that they were "adult resident[s] of Collin County, Texas" at the time of Timothy Strayer's detention in Dearborn County. (Filing No. 1 at ¶¶ 5–6). Because mere residence may or may not demonstrate citizenship, which depends on a party's domicile, an

1

On December 10, 2015, the court granted summary judgment on the deliberate indifference claim against Jason Turner, a former jail officer in the Dearborn County Sheriff's Department.  Having extinguished the basis for the court's subject matter jurisdiction, the court instructed the parties to brief the court on the propriety of retaining supplemental jurisdiction over the Strayers' state-law claims pursuant to 28 U.S.C. § 1367.  After considering the parties' briefs, the court, in its March 28 entry, elected to retain supplemental jurisdiction and granted summary judgement as to Kelley Strayer's loss of consortium claim and denied summary judgment as to Timothy Strayer's negligence claim.

**II.     Discussion**

As a preliminary matter, the court must first clarify on what authority it may reconsider its March 28 entry.  Kelley Strayer and the Sheriff purport to bring their respective motions pursuant to Federal Rule of Civil Procedure 60.  Rule 60 provides relief from a *final* judgment or order.  Unless the court expressly enters final judgment, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any claims or parties . . . ."  Fed. R. Civ. P. 54(b).  Under Rule 54 and the court's inherent authority, the court may review and revise such interlocutory orders.  *Boston v. U.S. Steel*, 3:13-cv-00532, 2015 WL 4481990, at *1 (S.D. Ill. July 22, 2015).  The court has not directed

---

allegation of "residence" does not suffice to establish diversity of citizenship.  *See, e.g.*, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

final judgment as to any claims or parties in this matter and therefore exercises its authority to revisit its March 28 entry.

### A. Loss of consortium

Kelley Strayer argues the court erred when it deemed her claim for loss of consortium abandoned for failure to oppose summary judgment on that claim. She does not dispute the absence of supporting argument in the materials opposing summary judgment. Rather, she argues that the Sheriff challenged the loss of consortium claim only to the extent it derives from Timothy Strayer's negligence claim. Thus, the argument goes, because the Sheriff did not directly challenge the loss of consortium claim, Kelley Strayer lacked notice that she needed to oppose summary judgment on that claim.

On summary judgment, the court examines the record as a whole and determines if it contains sufficient evidence to raise a genuine issue for trial. *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 397 (7th Cir. 2015). If the moving party properly supports summary judgment on a claim, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute of fact. *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

Although the Sheriff's brief in support of summary judgment lacks much organization, tucked away in a section entitled "Applicable Law," the Sheriff argues as follows:

> A consortium claim, which must be based in negligence on a state action by Kelley Kingston Strayer, is essentially derivative of her husband's allegation of negligence. Thus,

3

> when the Court grants Summary Judgment [sic] for the defendants on Timothy Strayer's claims, the spouse's claim must also fail. . . . *Even more importantly, her husband was incarcerated in state prison after his surgery. He had recuperated in order to be re-imprisoned and therefore she and he essentially were denied enjoying any companionship because he stayed in prison.*

(Filing No. 94 at 8 (emphasis added)). This argument, albeit lean, challenges the loss of consortium claim for lack of evidence. The moving party on summary judgment need not do more. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (moving party may simply point out "an absence of evidence to support the nonmoving party's case"). The quoted language put Kelley Strayer on notice that, even if the negligence claim survived summary judgment, the Sheriff nevertheless challenged the sufficiency of evidence to support her derivative claim. Once the burden shifted, Kelley Strayer needed to present specific evidence and supporting argument to establish a genuine dispute of material fact. This she did not do.[2] The court therefore denies Kelley Strayer's motion for reconsideration.

### B. Supplemental jurisdiction

The Sheriff claims the court erred when it elected to retain supplemental jurisdiction over the Strayers' state law claims. In its December 10 entry granting summary judgment on the federal claim against Jason Turner, the court set forth its

---

[2] Kelley Strayer selectively quotes *Bryan v. Lyons*, No. 2:07-cv-344, 2010 WL 2265617, at *5 (N.D. Ind. June 2, 2010) for the proposition that survival of a loss of consortium claim on summary judgment turns on whether the underlying negligence claim survives. The court agrees. In *Bryan*, however, the plaintiffs' *undisputed assertions* about damages related to the spousal relationship rendered summary judgment inappropriate in that case. 2010 WL 2265617, at *5. Here, Kelley Strayer simply fails to assert anything to support the derivative claim.

4

preliminary findings concerning the continued exercise of jurisdiction but nevertheless afforded the parties opportunity to be heard on the issue.  The Sheriff merely reiterated the court's initial concerns and added that trial in this matter would inconvenience the Sheriff's Department.  The court elected to retain supplemental jurisdiction, concluding that concerns about fairness to the Strayers and judicial economy outweigh the potential inconvenience trial might cause the Sheriff.  In support of reconsideration, the Sheriff emphasizes the disruption trial would cause the Department.

The Seventh Circuit generally counsels against a district court's retention of supplemental jurisdiction over pendent state claims when all federal claims over which the court has original jurisdiction are dismissed before trial.  *See, e.g.*, *Sharp Elecs. Corp. v. Metro. Life Ins.*, 578 F.3d 505, 514 (7th Cir. 2009); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).  However, relinquishment is not mandatory so long as an arguable balance of judicial economy, convenience, fairness, and comity point "in the direction of the district court's discretionary determination whether or not to exercise jurisdiction."  *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994); 28 U.S.C. § 1367(c)(3) (providing that a court *may* relinquish jurisdiction).

An arguable balance of the aforementioned factors point in the direction of the court's continued exercise of jurisdiction.  The court thus declines to disturb its decision to retain jurisdiction.

## III. CONCLUSION

For the foregoing reasons, Kelley Strayer's motion to reconsider, (Filing No. 144), and the Sheriff's motion to reconsider, (Filing No. 147), are **DENIED**.

**SO OREDERED** this 26th day of July 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.